IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NDIAYE MOUSSA,

Petitioner,

v. Civil Action No. 2:26-cv-995

JEFFREY CRAWFORD, *et al.*,

Respondents.

**MEMORANDUM ORDER**

Petitioner Ndiaye Moussa ("Petitioner"), a noncitizen and detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that he has been unlawfully detained and denied a bond hearing under 8 U.S.C. § 1226. Dkt. No. 1.

Petitioner was taken into ICE custody and has been detained at the Farmville Detention Center. Dkt. No. 1. Petitioner asks this Court to order his release from ICE custody or, in the alternate, to order a bond hearing under 8 U.S.C. § 1226. Because the factual circumstances and legal issues presented in the Petition appeared materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), the Court issued an Order directing Respondents to file either a notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Lopez Garcia v. Guadian*, No. 25-7044, --- F.4th ----, 2026 WL 2661092 (4th Cir. Sept. 10, 2026), or an opposition to the Petition discussing the material differences between *Lopez Garcia* and the Petition. Dkt. No. 5.

Respondents filed an Opposition, Dkt. No. 7, asserting that the Petition is distinguishable

from *Lopez Garcia* because Petitioner "is not being detained under 8 U.S.C. § 1225(b), and he is eligible for bond consideration under § 1226(a)." Dkt. No. 7, at 1. Respondents ask the Court to deny the Petition on the grounds that Petitioner has not "filed a motion for bond before the immigration court" and has thus "not exhausted his administrative avenues for relief." *Id.* at 2.

Although the Petition is admittedly unclear, the Court finds that it is reasonably construed as a request for a bond hearing under 8 U.S.C. § 1226(a). The fact that Petitioner has not exhausted his administrative avenues for relief is of no moment. It is evident that Petitioner believes that he is subject to mandatory detention and that he is unable to get the bond hearing that he—correctly—believes he is entitled to. *See* Dkt. No. 1, at 2, 6–7. Nothing in Respondents' Opposition indicates that ICE has informed Petitioner of this misunderstanding or otherwise communicated to him that he is eligible for a bond hearing despite his clear confusion. Because requiring Petitioner to exhaust his administrative remedies would appear futile here, the Court waives this requirement. *See Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 573 (E.D. Va. 2025) ("Because exhaustion requirements for filing pursuant to § 2241 are judicially imposed, this Court has discretion to waive exhaustion in certain circumstances and proceed to the merits of petitioner's claim." (citation modified)).

Accordingly, the Court will GRANT the Petition, and ORDER that Petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of this Order. Respondents are ORDERED to file a status report with this Court within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the case-specific reasons given by the Immigration Judge for that denial.

Let the Clerk of the Court send a copy of this Final Order to all counsel of record and to Petitioner at his address of record.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: October 5, 2026